UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEREMY DEVONTA WILLIAMS,

    Plaintiff,

v.                                                 Case No. 16-CV-15

TRAVIS P. BRADY, DARYL BONES,
WILLIE FREEMAN, and OLIN MIKELL,

    Defendants.

ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER (DOC. 33)

Plaintiff has filed a motion for reconsideration of the court's April 22, 2016, order denying his second motion to appoint counsel. Plaintiff states he needs assistance because he is not an experienced litigator and because the complex issues in this case will require significant research. Plaintiff also asserts that he has a sixth grade reading level and that the assistance he previously had is no longer available. The court construes plaintiff's motion as a renewed motion to appoint counsel.

In a civil case, the court has discretion to decide whether to recruit a lawyer for someone who cannot afford one. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). First, however, the person has to make a reasonable effort to hire private counsel on their own. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). After the plaintiff makes that reasonable attempt to hire counsel, the court then must decide "whether the difficulty of the case – factually and legally– exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (citing *Pruitt*, 503 F.3d at 655). To

decide that, the court looks, not only at the plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." *Id.*

Previously, the court denied plaintiff's second motion to appoint counsel and determined that he could proceed on his own. Specifically, the court determined that plaintiff's claim was narrow and appeared straight-forward, and that he should be able to conduct discovery and engage with pretrial motion practice without an attorney. (Docket 14 at 2.) Since then, plaintiff has filed discovery requests and defendants have filed a motion for summary judgment. Although plaintiff faces challenges litigating this case *pro se* from prison, this does not convince the court that an attorney should be recruited to represent him at this time. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). To date, plaintiff's filings demonstrate that he may still proceed on his own at this stage. If plaintiff needs more time to respond to defendants' summary judgment motion (the motion was filed September 19, 2016, and plaintiff's response is due October 19, 2016), he may file a motion for extension. Therefore,

IT IS ORDERED that plaintiff's motion for reconsideration (Docket 33) is DENIED.

Dated at Milwaukee, Wisconsin, this 30th day of September, 2016.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
U.S. District Judge